IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEOFFREY W. FREEMAN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **01-665-CJP** |
| ) | |
| **JONATHAN R. WALLS, JAMES** ) | |
| **BAUERSACHS, DENNIS HASEMEYER,** ) | |
| **and TOM CARAWAY,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for Relief from Judgment. **(Doc. 121)**.

At issue are Counts 4 and 5, which allege that prison officials discriminate on the basis of race in various ways in the segregation unit at Menard Correctional Center. These Counts seek injunctive relief only, and not money damages. Because plaintiff was transferred out of Menard, Judge Stiehl (to whom the case was then assigned) found the claims for injunctive relief moot, and granted summary judgment on Counts 4 and 5. **See, Doc. 114.**

After Judge Stiehl entered his Order, plaintiff was retransferred to Menard. **See, Doc. 120**. He seeks reinstatement of Counts 4 and 5 because he is now back in Menard.

Counts 1 and 11 were tried to a jury in this Court from April 26, 2005, to April 28, 2005. Plaintiff's testimony at that trial established that he is now in general population at Menard.

A claim by a prisoner for prospective injunctive relief is rendered moot if he is transferred out of the institution where the alleged violations occurred unless he can show a likelihood of retransfer. ***Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996)**. This is the so-

called "capable of repetition" doctrine.

The Supreme Court has stated that the capable of repetition doctrine applies only in "exceptional circumstances," and only where the plaintiff "can make a reasonable showing that he will again be subject to the alleged illegality." ***City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983).**

The allegations of Counts 4 and 5 are limited to the treatment of prisoners in the segregation unit at Menard. While plaintiff has been transferred back to Menard, he is not in segregation. There has been no showing that he is reasonably likely to be placed in segregation again. Therefore, the fact that he has been returned to Menard and is in general population does not change the situation. As Judge Stiehl found, the claims set forth in Counts 4 and 5 are moot.

Upon consideration and for good cause shown, plaintiff's Motion for Relief from Judgment **(Doc. 121)** is **DENIED**.

**IT IS SO ORDERED.**

**Date: April 28, 2005.**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U.S. MAGISTRATE JUDGE**