IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GEOFFREY W. FREEMAN**,                )
                                         )
                        Plaintiff,        )
                                         )
v.                                        )                Civil No. **01-665-CJP**
                                         )
**ALAN UCHTMAN**,[1]                      )
                                         )
                        Defendant.        )

## **ORDER**

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion for New Trial and Motion to Set Aside Judgment.

**(Doc. 207)**.  Defendants have filed a response.  **(Doc. 208)**.  Plaintiff filed a reply.  **(Doc. 209)**.

## **Procedural History**

A jury trial on Counts 1 and 11, which alleged retaliation against defendants Walls,

Bauersachs, Hasemeyer and Caraway, was held in April, 2005.  The court granted judgment as a

matter of law on Count 1 in favor of  Bauersachs and Caraway, and in favor of all defendants

(Walls, Bauersachs and Caraway) on Count 11.  Count 1 sought only injunctive relief as to

Walls.  Thus, only Count 1 as to Hasemeyer was submitted to the jury.  The jury was unable to

reach a verdict and a mistrial was declared.  **See, Doc. 155.**

On retrial, the jury found in favor of defendant Hasemeyer on Count 1.  **See, Docs. 186,**

**189.**

In between the two jury trials, Freeman was transferred back to Menard Correctional

---

[1]Alan Uchtman was substituted as defendant because he is the current warden of Menard
Correctional Center.  **See, Doc. 170.**

1

Center.  Therefore, Counts 4 and 5, which had been dismissed as moot, were reinstated.  **See, Doc. 170.**  Counts 4 and 5, which sought injunctive relief only, alleged equal protection violations due to racial discrimination.  See, amended final pretrial order, **Doc. 173.**

The equal protection claim was tried to the court.  The court took defendant's oral motion for judgment as a matter of law pursuant to **Fed.R.Civ.P. 52(c)** under submission with the case.  After making detailed findings of fact and conclusions of law, the court found in favor of defendant.  **See, Doc. 204.**

## Standard for Determination

With regard to the jury verdict, this court may grant a new trial "if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party."  ***Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir.1992).   See, Fed.R.Civ.P. 59(a)**.  However, an error cannot be the basis for granting a new trial unless refusing to grant a new trial "appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."  **Fed.R.Civ.P. 61.**

With regard to the non-jury portions of the judgment, plaintiff's motion must be considered as a motion under **Fed. R. Civ. P. 59(e)**.  **See,** *U.S. v. Deutsch***, 981 F.2d 299, 300-310 (7th Cir. 1992)**.  (The Court notes that the version of **Rule 59(e)** that was in effect when ***Deutsch*** was decided required <u>service</u> of the motion within ten days.  The current Rule requires <u>filing</u> of the motion within ten days.)

"A motion to amend or, in the alternative, to set aside the judgment pursuant to Fed.R.Civ.P. 59(e) may only be granted if movant shows there was a mistake of law or fact or

presents newly-discovered evidence that could not have been discovered previously.**"** ***Deutsch v. Burlington Northern Railroad Company*, 983 F.2d 741, 744 (7th Cir. 1993).**

### Judgment as a Matter of Law, Counts 1 and 11

Count 1 alleged that defendants retaliated against plaintiff for filing a grievance dated September 1, 2001.  The court granted defendants' oral motion for judgment as a matter of law as to Bauersachs and Caraway because there was no evidence that either of those defendants even knew the grievance existed.  In addition, there was no evidence that either defendant took any retaliatory action against plaintiff.  Count 1 sought only injunctive relief as to Walls.  The evidence was that Walls had retired from the IDOC, and, therefore, no injunctive relief was available as to him.

Count 11 alleged that plaintiff was falsely accused of sending a powdery substance resembling anthrax to government offices in order to retaliate against him for filing lawsuits.  The court granted judgment as a matter of law as to all defendants on this claim.  There was no evidence that any defendant instigated the anthrax investigation for the purpose of retaliation.  The evidence established only that Caraway received information from a federal agency about the powdery substance, and he investigated.  There was no evidence that Bauersachs or Walls were involved in any way with the "anthrax" investigation.

In his motion, plaintiff points to no mistake of law or fact.  He sets forth in detail his theory of the claims against the defendants, but overlooks the fact that much of what he outlines in his motion was not presented at trial.  For instance, plaintiff asserts that a "reasonable jury" could have found that Walls was aware of efforts to retaliate against plaintiff.  **Doc. 207, p.6.** Plaintiff bases this assertion on testimony given by Walls at the second trial.  Leaving aside the

3

question of whether any such awareness on Walls' part would have shown a constitutional violation, this testimony was not presented at the first trial, and was not in evidence at the time the court ruled on the motion.  In any event, plaintiff sought injunctive relief only as to Walls, but Walls was no longer employed at Menard at the time of trial.

Plaintiff's motion is based on speculation and assumptions.  In effect, he argues that the court erred by not allowing the jury to consider whether they agreed with his speculation and assumptions.  For example, he argues that the court erred in sustaining defendants' objection to the admission of his entire September 1, 2002, grievance.  He reasons that, had the jury seen the entire grievance, they would have "appreciated how extensive" and "unique in character it was," and they would have concluded that there was no way that defendants had not been aware of it. **Doc. 207, p. 8**.  Such speculation can not take the place of evidence.  The fact is that plaintiff presented no evidence that defendants were aware of the grievance, which was essential to proving that defendants retaliated against him for filing the grievance.

## Jury Verdict in Favor of Hasemeyer

Plaintiff does not demonstrate that the jury verdict in favor of Hasemeyer was against the weight of the evidence, or that the trial was not fair to plaintiff.

Plaintiff argues that the jury deliberated for only 11 minutes, and that such a short deliberation shows that there was no possible way that the jury followed the instructions.  The record refutes plaintiff's argument.  The court's minute entry  reflects that the jury retired to deliberate at 1:37 p.m., and the verdict was returned at 2:02 p.m. **See, Doc. 188.**  Secondly, plaintiff offers no authority for his argument that a jury is required to deliberate for a certain minimum length of time.  The verdict was unanimous; the jury was polled and no juror

4

expressed any hesitation with regard to the verdict.

Plaintiff also suggests that the court erred in not permitting him to "impeach" Hasemeyer with evidence of his "prior bad and violent acts towards inmates at Menard." **Doc. 207, p.6.** However, such evidence was not admissible in this case. **Fed.R.Evid. 404.**

### Judgment on Equal Protection Race Claims

Mr. Freeman's arguments with respect to the judgment on his equal protection claims are not meritorious.

Plaintiff first complains that he did not consent to a bench trial on this claim. However, because he sought injunctive relief only, he had no right to a jury trial on counts 4 and 5. *Marseilles Hydro Power, LLC v. Marseilles Land and Water Company*, **299 F.3d 643, 648 (7th Cir. 2002).**

At the close of the evidence, defendant made an oral motion for judgment as a matter of law pursuant to **Fed.R.Civ.P. 52(c)**. Plaintiff now objects that the judgment was improper because the court converted an injunctive relief proceeding into a bench trial. He asserts that the "standard of proof" for a motion under Rule 52 is different from the standard for injunctive relief. **Doc. 207, p. 26.** This argument is nonsensical.

Plaintiff's observations about the requirements for a preliminary injunction are irrelevant here. Plaintiff is not entitled to injunctive relief on his equal protection claims unless he has proven the existence of an on-going constitutional violation. *Al-Alamin v. Gramley*, **926 F.2d 680, 688 (7th Cir. 1991)**. Plaintiff seems to be suggesting that he should have been held to some lower standard of proof, i.e., a likelihood of success on the merits, because he was seeking injunctive relief. However, this case is well beyond the preliminary stage. Plaintff was afforded

5

a full trial on the merits of his equal protection claim, and he failed to prove that his equal protection rights were violated.

Plaintiff also asserts that his claim went to race based housing assignments in the entire institution, and not just segregation.  Most of his evidence centered on the segregation unit, but his witnesses did testify about celling in other units as well.  Defendant presented evidence about the procedures for double-celling which were followed in all housing units at Menard.  Plaintiff simply did not establish that inmates are or were assigned to cells on the basis of race in any unit at Menard.

The rest of plaintiff's argument is, again, based on facts which were not introduced into evidence, and upon his assumptions arising out of the those facts.  For example, he argues that every other prison in the Northern and Central Districts of Illinois is integrated, that white wardens at Menard last 5 years but the black warden lasted less than a year, and that the staff at Menard does not tolerate being supervised by a black man.  None of these "facts" were in evidence, and none would be relevant to plaintiff's claims in any event.

The court explained in detail the reasons for its judgment in **Doc. 204**.  Plaintiff presents no legally sufficient reason to grant him a new trial or to set aside or amend the judgment.  At the end of the day, plaintiff's evidence showed only that black inmates are often housed with other black inmates at Menard.  Defendant offered convincing explanations of the cell assignment policies, which are based upon numerous factors other than race.  These factors include the inmate's crime, mental health status, medical issues, gang affiliation, escape risk and whether he is a staff assaulter.  The fact that these policies sometimes or often result in the housing of prisoners of the same race in the same cell does not, in and of itself, establish an

6

equal protection violation.  "Racial separation brought about by policies founded exclusively on a bona fide, colorblind concern for the safety of prisoners in our nation's dangerous prisons does not violate the equal protection clause."  *Harris v. Greer*, **750 F.2d 617, 619 (7th Cir. 1984).**

Plaintiff offered no evidence at all to prove that black inmates are placed in solid door cells based on race, or that the counselors at Menard treat white inmates better than black inmates.  In addition, the court notes that plaintiff's claim that black inmates should be assigned black counselors would introduce a system of race based assignments where one does not presently exist.

Fro the foregoing reasons, plaintiff's Motion for New Trial and Motion to Set Aside Judgment **(Doc. 207)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 28, 2007.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

7